959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MICRO CONSULTING, INC., an Oklahoma Corporation, Plaintiff-Appellant,
v.
Pedro ZUBELDIA, an individual; Medical Electronics Data
Exchange, Inc., an Oklahoma corporation;
Defendants-Appellees.
 No. 90-6332.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1992.
 
 Before LOGAN and SETH, Circuit Judges, and BRATTON, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 The issues in this appeal are whether defendants, Pedro Zubeldia and Medical Electronic Data Exchange, Inc., either infringed the copyright or misappropriated trade secrets of Micro Consulting, Inc. in developing a computer program for processing insurance company forms. After carefully reviewing the record, we are satisfied that the district court's findings of fact are not clearly erroneous, and that its legal conclusions are correct. We can add little to the analysis stated in the district court's Memorandum Opinion of September 19, 1990, and we affirm for substantially the reasons stated therein.
 
 
 2
 The only matter that deserves mention is the district court's treatment of the report of a nonlawyer special master it appointed to take evidence and assist the court in determining whether the defendants had infringed plaintiff's copyright. The court accepted the master's factual findings as correct, although it took other evidence as permitted by Fed.R.Civ.P. 53(e)(2) (repealed Dec. 1, 1991). It disagreed, however, with the master's legal conclusion that a copyright violation occurred.
 
 
 3
 The order of reference to the nonlawyer special master, a university professor of engineering and computer science, was to "determine whether the defendants have copied or unlawfully used the plaintiff's copyrighted computer program and any supporting materials." I R. tab 33. The district court's memorandum opinion of Sept. 19, 1990, I R. tab 126 at 7-8, references a July 28, 1989 agreement of the parties that the special master was to be the fact finder in determining whether defendants "copied the plaintiff's computer program," but that the court was to determine the applicable law. Of course, the law requires that the district court review any of the legal conclusions of a special master. See Polin v. Dun & Bradstreet, Inc., 634 F.2d 1319, 1321 (10th Cir.1980) (en banc). We are satisfied that the district court did not reject the master's fact findings, and that it could still find no infringement or misappropriation, as it did.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3